FILED  
United States Court of Appeals  
Tenth Circuit

June 17, 2025

Christopher M. Wolpert  
Clerk of Court

UNITED STATES COURT OF APPEALS  
FOR THE TENTH CIRCUIT

| | |
|---|---|
| 3484, INC. and 3486, INC. | |
| Petitioner/Cross-Respondents | |
| v. | Nos. 24-9511<br>24-9525 |
| NATIONAL LABOR RELATIONS BOARD | |
| Respondent/Cross-Petitioner | |

JUDGMENT ENFORCING AN ORDER OF THE  
NATIONAL LABOR RELATIONS BOARD

Before: HARTZ, EID, and FEDERICO, Circuit Judges.

THIS CAUSE came to be heard upon a petition filed by 3484, Inc. and 3486, Inc. for review of an Order of the National Labor Relations Board dated March 7, 2024, in Case Nos. 27-CA-278463, 27-CA-278592 and 27-CA-279117, reported at 373 NLRB No. 28, and upon a cross-application for enforcement of said Order filed by the National Labor Relations Board. The Court heard argument of the parties and has considered the briefs and agency record filed in this cause. On May 12, 2025, the Court handed down its opinion granting in part the petition for review filed by 3484, Inc. and 3486, Inc., granting in part the Board's cross-application for enforcement, and remanding for further proceedings. In conformity therewith, it is hereby

ORDERED AND ADJUDGED by the Court that 3484, Inc. and 3486, Inc, their officers, agents, successors, and assigns, shall abide by said order (See Attached Order and Appendix).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

DATED: June 17, 2025

ORDER

**A.** Respondent 3484, Inc., Salt Lake City, Utah, its officers, agents, successors, and assigns, shall

1. Cease and desist from

   (a) Instructing employees to keep management's interrogation about their union activity confidential.

   (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

   (a) Post at its Salt Lake City, Utah facility copies of the attached notice marked "Appendix A."[1] Copies of the notice, on forms provided by the Regional Director for Region 27, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. Because the Respondent has ceased operations, we shall also require the Respondent to duplicate and

---

[1] If the facility involved in these proceedings is open and staffed by a substantial complement of employees, the notice must be posted within 14 days after service by the Region. If the facility involved in these proceedings is closed or not staffed by a substantial complement of employees due to the Coronavirus Disease 2019 (COVID-19) pandemic, the notice must be posted within 14 days after the facilities reopen and a substantial complement of employees have returned to work. If, while closed or not staffed by a substantial complement of employees due to the pandemic, the Respondent is communicating with its employees by electronic means, the notice must also be posted by such electronic means within 14 days after service by the Region. If the notice to be physically posted was posted electronically more than 60 days before physical posting of the notice, the notice shall state at the bottom that "This notice is the same notice previously [sent or posted] electronically on [date]."

mail, at its own expense, and after being signed by the Respondent's authorized representative, copies of the notice to all employees who were employed by the Respondent at any time on or after April 13, 2021.

(b) Within 21 days after service by the Region, file with the Regional Director for Region 27 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

**B.** Respondent 3486, Inc., Salt Lake City, Utah, its officers, agents, successors, and assigns, shall

1. Cease and desist from

    (a) Coercively interrogating employees about their union activity.

    (b) Threatening employees with closure and relocation of their work facility if they engage in union activity.

    (c) Discharging or otherwise discriminating against employees for engaging in an unfair labor practice strike.

    (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

    (a) In the event the Respondent resumes operations, offer unfair labor practice strikers Jake Bolinder, Roy Brewer, Bucky Elder, Michelle Fleming, Ben Fox, Jayson Gueso, April Hanson, Tim Lester, and John VandeMerwe full reinstatement to their former jobs or, if those jobs no longer exist, to a substantially equivalent position, without prejudice to their seniority or any other rights or privileges previously enjoyed.

    (b) Make unfair labor practice strikers Jake Bolinder, Roy Brewer, Bucky Elder, Michelle Fleming, Ben Fox, Jayson Gueso, April Hanson, Tim Lester, and John VandeMerwe whole for any loss of earnings and other benefits, and for any other direct or foreseeable pecuniary harms, suffered as a result of their unlawful discharges, in the manner set forth in the remedy section of the administrative law judge's decision.

    (c) Compensate the affected employees for the adverse tax consequences, if any, of receiving lump-sum backpay awards, and file with the Regional

Director for Region 27, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay awards to the appropriate calendar years for each employee.

(d) File with the Regional Director for Region 27, within 21 days of the date the amount of backpay is fixed by agreement or Board order or such additional time as the Regional Director may allow for good cause shown, a copy of each backpay recipient's corresponding W-2 form(s) reflecting the backpay award.

(e) Within 14 days from the date of this Order, remove from its files any reference to the unlawful discharges of unfair labor practice strikers Jake Bolinder, Roy Brewer, Bucky Elder, Michelle Fleming, Ben Fox, Jayson Gueso, April Hanson, Tim Lester, and John VandeMerwe, and within 3 days thereafter, notify the employees in writing that this has been done and that the discharge will not be used against them in any way.

(f) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(g) Post at its Salt Lake City, Utah facility copies of the attached notice marked "Appendix B."[2] Copies of the notice, on forms provided by the Regional Director for Region 27, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and

---

[2] If the facility involved in these proceedings is open and staffed by a substantial complement of employees, the notice must be posted within 14 days after service by the Region. If the facility involved in these proceedings is closed or not staffed by a substantial complement of employees due to the Coronavirus Disease 2019 (COVID-19) pandemic, the notice must be posted within 14 days after the facilities reopen and a substantial complement of employees have returned to work. If, while closed or not staffed by a substantial complement of employees due to the pandemic, the Respondent is communicating with its employees by electronic means, the notice must also be posted by such electronic means within 14 days after service by the Region. If the notice to be physically posted was posted electronically more than 60 days before physical posting of the notice, the notice shall state at the bottom that "This notice is the same notice previously [sent or posted] electronically on [date]."

3

maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. Because the Respondent has ceased operations, we shall also require the Respondent to duplicate and mail, at its own expense, and after being signed by the Respondent's authorized representative, copies of the notice to all employees who were employed by the Respondent at any time on or after June 11, 2021.

(h) Within 21 days after service by the Region, file with the Regional Director for Region 27 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

## APPENDIX A

## NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
COURT OF APPEALS ENFORCING AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board had found that we violated Federal labor law and has ordered us to post and obey this notice.

### FEDERAL LAW GIVES YOU THE RIGHT TO
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities

WE WILL NOT instruct you to keep management's interrogations about your union activity confidential.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

3484 INC.

The Board's decision can be found at http://www.nlrb.gov/case/27-CA-278463 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington D.C. 20570 or by calling (202) 273-1940.



# APPENDIX B

# NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
COURT OF APPEALS ENFORCING AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board had found that we violated Federal labor law and has ordered us to post and obey this notice.

### FEDERAL LAW GIVES YOU THE RIGHT TO
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities

WE WILL NOT coercively question you about your union activity.

WE WILL NOT threaten you with closure and relocation of your work facility if you engage in union activity.

WE WILL NOT discharge or otherwise discriminate against you for engaging in an unfair labor practice strike.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL, in the event we resume operations, offer unfair labor practice strikers Jake Bolinder, Roy Brewer, Bucky Elder, Michelle Fleming, Ben Fox, Jayson Gueso, April Hanson, Tim Lester, and John VandeMerwe full reinstatement to their former jobs or, if those jobs no longer exist, to a substantially equivalent position, without prejudice to their seniority or any other rights or privileges previously enjoyed.

WE WILL make unfair labor practice strikers Jake Bolinder, Roy Brewer, Bucky Elder, Michelle Fleming, Ben Fox, Jayson Gueso, April Hanson, Tim Lester, and John VandeMerwe whole for any loss of earnings and other benefits resulting from their discharge, less any net interim earnings, plus interest, and WE WILL also make them whole for any other direct or foreseeable pecuniary harms suffered as a result of the unlawful discharges, including reasonable search-for-work and interim employment expenses, plus interest.

WE WILL compensate affected employees for the adverse tax consequences, if any, of receiving lump-sum backpay awards, and WE WILL file with the Regional Director for Region 27, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay awards to the appropriate calendar year(s) for each employee.

WE WILL file the Regional Director for Region 27, within 21 days of the date the amount of backpay is fixed by agreement or Board order, or such additional time as the Regional Director may allow for good cause shown, a copy of each backpay recipient's corresponding W-2 form(s) reflecting the backpay award.

WE WILL, within 14 days from the date of the Board's Order, remove from our files any reference to the unlawful discharges of unfair labor practice strikers Jake Bolinder, Roy Brewer, Bucky Elder, Michelle Fleming, Ben Fox, Jayson Gueso, April Hanson, Tim Lester, and John VandeMerwe, and WE WILL, within 3 days thereafter, notify each of them in writing that this has been done and that the discharges will not be used against them in any way.

3486, INC.

The Board's decision can be found at http://www.nlrb.gov/case/27-CA-278463 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington D.C. 20570 or by calling (202) 273-1940.

